**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                             No. 97-5003

WALLACE MIKELL TOOLE, JR.,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
Frank W. Bullock, Jr., Chief District Judge.
(CR-97-20)

Submitted: September 22, 1998

Decided: October 19, 1998

Before ERVIN, WILKINS, and HAMILTON, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Lisa S. Costner, LISA S. COSTNER, P.A., Winston-Salem, North
Carolina, for Appellant. Walter C. Holton, Jr., United States Attorney,
Sandra J. Hairston, Assistant United States Attorney, Greensboro,
North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Wallace Mikell Toole, Jr., pled guilty to conspiracy to possess heroin, cocaine, and crack cocaine with intent to distribute, 21 U.S.C.A. § 846 (West Supp. 1998), and received a sentence of 273 months imprisonment. He appeals this sentence on the ground that the district court clearly erred in enhancing his sentence for reckless endangerment during flight. See U.S. Sentencing Guidelines Manual § 3C1.2 (1997). We affirm.

Toole distributed cocaine, crack, and heroin for several years in Durham, North Carolina, before his arrest for the instant offense. In December 1996, an informant cooperating with Durham police arranged to buy heroin from Toole at a Burger King restaurant. As the transaction was taking place in the Burger King parking lot, the officers attempted to arrest Toole, and Toole fled in his Mercedes Benz, nearly running over one of the officers. A high-speed chase lasting several minutes followed. Toole abandoned his car after he blew a tire and was quickly captured.

Guideline section 3C1.2 provides for a two-level increase in the offense level when the defendant "recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer." Mere flight from an arresting officer does not trigger the adjustment. See United States v. John, 935 F.2d 644, 648 (4th Cir. 1991). However, endangering the lives of police officers or bystanders does. See United States v. Luna, 21 F.3d 874, 885 (9th Cir. 1994) (high speed chase through residential area); United States v. Hicks, 948 F.2d 877, 884 (4th Cir. 1991) (high speed chase on rural road). Here, there was testimony at the sentencing hearing that one of the officers had to jump out of the way of Toole's car to avoid being run over. Toole's flight along several city streets and a highway created a danger to cars and pedestrians. On these facts, we have no difficulty in finding that the district court did not clearly err in making the adjustment.

We therefore affirm the sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the

materials before the court and argument would not aid the decisional process.

AFFIRMED

3